UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JASON MATLACK                                      CIVIL ACTION NO. 10-cv-1479

VERSUS                                             JUDGE STAGG

FOREST RIVER, INC., ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Intervention**

    Jason Matlack, a citizen of Louisiana, filed suit in state court for recovery of personal injury damages. The several defendants removed the case based on an assertion of diversity jurisdiction. The notice of removal provided detailed information about the citizenship of the relevant parties. The removing defendants represent that they are citizens of Indiana, Delaware, Illinois, Tennessee, Ohio, and Texas.

    Before the court is a **Motion for Leave to File Complaint in Intervention (Doc. 36)** filed by Standard Fire Insurance Co. The insurer seeks to intervene and recover worker's compensation benefits paid to Mr. Matlack in connection with the accident that gave rise to this suit. Standard describes itself as "a foreign insurer whose place of business is in Hartford, Connecticut."

    There must be diversity of citizenship between the worker's compensation intervenor and the defendants in the case. <u>Dushane v. Gallagher Kaiser Corp.</u>, 2005 WL 1959151 (W.D. La. 2005). The proposed complaint in intervention does not adequately describe

Standard's citizenship to determine whether the court may exercise jurisdiction over the proposed intervention. Accordingly, the Motion for Leave to File Intervention (Doc. 36) is **denied without prejudice** to the right of Standard to assert the motion again, provided the proposed complaint in intervention sets forth its citizenship with specificity.

If Standard is a corporation, it will need to state with specificity (1) the state in which it is incorporated, and (2) the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). If Standard is another form of entity, such as an unincorporated association, it will have to allege its citizenship with specificity in accordance with the rules applicable to that form of entity. Some insurance companies are not corporations and, rather, are unincorporated associations that require consideration of the citizenship of every member. Some such companies have members residing in all 50 states so that diversity is never possible. See e.g., Norton v. Gurley, 2000 WL 1408168 (E.D. La. 2000). See also Muslow Land & Timber, Inc. v. Chesapeake Exploration Ltd.Partnership, 2009 WL 367729 (W.D. La. 2009) (setting forth rules for alleging citizenship of various entities). If Standard renews its motion, it should take care to ascertain and allege with specificity what form of legal entity the insurer takes. Standard will be allowed until **February 28, 2011** to renew its motion.

**Improper Joinder**

The notice of removal recognizes that there is not diversity of citizenship on the face of the pleadings because both Plaintiff and defendant Precision Auto Body, Inc. are citizens

of Louisiana. The removing defendants assert that Precision's citizenship may be ignored because it was improperly joined, as that concept is described in cases such as Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004) (en banc). If Plaintiff intends to challenge the improper joinder plea, he must do so by filing a motion to remand no later than **March 7, 2011**.

If a motion to remand is filed, the court will await a decision on the motion before setting a scheduling conference. If Plaintiff does not file a motion to remand, the improper joinder plea will be deemed uncontested, the court will deem Plaintiff's claims against Precision Auto Body, Inc. voluntarily dismissed, and a scheduling conference will be set promptly to discuss a trial date and related settings to resolve the claims against the other defendants. If Plaintiff does not intend to file a motion to remand and wishes to speed the process, he may do so by filing a motion to dismiss the claims against Precision Auto Body, Inc. and requesting the setting of a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE